IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID PETERS,

    Petitioner,

    v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:14-cv-1803
Judge Frost
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* ECF No. 1, Respondent's *Return of Writ,* ECF No. 4 and ECF No. 10, Petitioner's *Reply,* ECF No. 14, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

Petitioner was convicted following a jury trial in the Franklin County Court of Common Pleas of carrying a concealed weapon and having a weapon while under a disability. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On March 30, 2013, Detective Lawrence Gauthney of the Columbus Division of Police Criminal Intelligence Unit was conducting surveillance in the area of the Sunshine Market on North Meadows Boulevard in Franklin County, Ohio. Detective Gauthney was positioned in an unmarked car using binoculars to observe the area. During his surveillance, Detective Gauthney saw an individual named Juan Mandujano ("Mandujano"), whom he had previously arrested on charges related to drugs and weapons. Detective Gauthney then saw appellant arrive in the area in an

automobile. Appellant exited the automobile and made contact with Mandujano. Mandujano lifted his shirt, revealing a handgun, and then held the gun up. Appellant appeared to gesture for the handgun and Mandujano gave it to him. Detective Gauthney testified at trial that appellant placed the handgun in the waistband of his pants and then placed his shirt over the gun. Appellant and Mandujano then got into the automobile. As this occurred, Detective Gauthney contacted his partner, Detective Carlysle Coleman, to come to the area.

After driving a short distance, appellant and Mandujano exited the vehicle. Appellant got into an argument with an unknown individual. During the argument, appellant held the handgun and gestured animatedly. After a brief time, appellant then gave the handgun back to Mandujano. As Mandujano began to leave the area, marked police cruisers called by Detective Gauthney arrived. Mandujano fled, and the police officers pursued him to a nearby apartment. Mandujano was arrested in the apartment and a loaded handgun was recovered from a bedroom closet.

Appellant was charged with one count of carrying a concealed weapon and one count of having a weapon while under disability. At trial, the state presented testimony from Detective Gauthney, Detective Coleman, and two other officers who were involved in pursuing and arresting Mandujano. Appellant stipulated that a Columbus Division of Police forensic scientist determined that the handgun recovered from Mandujano was operable. Appellant also stipulated that he had a prior conviction for felonious assault, a felony of the second degree. At the close of the trial, the jury found appellant guilty on both charges. The trial court entered a judgment sentencing appellant to three years' imprisonment on the conviction for carrying a concealed weapon and eighteen months' imprisonment on the conviction for having a weapon while under disability, with the sentences to be served consecutively.

Appellant appeals from the trial court's judgment, assigning a single error for this court's review:

THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE JUDGMENT WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

Although appellant's assignment of error asserts that the judgment was not supported by the manifest weight of the evidence, the argument contained in his brief relates to the sufficiency of the

> evidence. Therefore, we will consider both the sufficiency and weight of the evidence presented at trial.

*State v. Peters,* Nos. 13AP-748, 13AP-750, 2014 WL 1347226, at *1-2 (Ohio App. 10th Dist. March 20, 2014). On March 20, 2014, the appellate court affirmed the judgment of the trial court. *Id.* On June 25, 2014, the Ohio Supreme Court dismissed the appeal. *State v. Peters*, 139 Ohio St.3d 1430 (Ohio 2014).

On October 2, 2014, Petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that the evidence was constitutionally insufficient to sustain his convictions.[1] Respondent contends that the claim lacks merit.

**Standard of Review**

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, ––– U.S. ––––, ––––, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA ... imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

The factual findings of the state appellate court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of

---

[1] Petitioner has withdrawn habeas corpus claim two. *Reply*, ECF No. 14, PageID# 374.

>rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). "Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1) (a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding")). The United States Court of Appeals for the Sixth Circuit recently explained these standards as follows:

>A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S.170, ——, 131 S.Ct. 1388, 1398 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively

4

unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith,* 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 131 S.Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir.2009) ("'[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.'") (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*))); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Similarly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a court must review the state court's decision based only on the record that was before the state court at the time it rendered its decision. *Pinholster*, 131 S.Ct. at 1398. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399.

**Merits**

Petitioner alleges that the evidence at trial was constitutionally insufficient to sustain his convictions:

> A detective's sole testimony that he observed Petitioner from a distance with a handgun [sic]. This coming after said detective tried to get Petitioner to work under cover for him. At no time were finger prints []or any other proof of possession proven. The

5

> prosecution failed in all aspects to prove not only each element as
> required but not a single element to support the conviction. This
> was simply a young black male being condemned because he had
> a prior and wouldn't snitch for the detective.

*Petition,* ECF No. 1, PageID# 5.

The state appellate court rejected Petitioner's claim of insufficiency of the evidence in relevant part as follows:

> "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP–1093, 2010–Ohio–1881, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as recognized in State v. Smith*, 80 Ohio St.3d 89, 102 (1997).
>
> "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007–Ohio–2202, ¶ 25. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387. " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving the conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). This authority "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.
>
> Appellant was convicted of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12. In relevant part, that

> prosecution failed in all aspects to prove not only each element as required but not a single element to support the conviction. This was simply a young black male being condemned because he had a prior and wouldn't snitch for the detective.

*Petition,* ECF No. 1, PageID# 5.

The state appellate court rejected Petitioner's claim of insufficiency of the evidence in relevant part as follows:

> "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP–1093, 2010–Ohio–1881, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as recognized in State v. Smith*, 80 Ohio St.3d 89, 102 (1997).
>
> "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007–Ohio–2202, ¶ 25. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387. " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving the conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). This authority "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387.
>
> Appellant was convicted of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12. In relevant part, that

law provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, * * * [a] handgun." R.C. 2923.12(A)(2). Detective Gauthney testified that he saw Mandujano give a handgun to appellant. He then saw appellant place the handgun in the waistband of his pants and pull his shirt over it. Construing this evidence in a light most favorable to the prosecution, a reasonable trier of fact could have found that appellant knowingly had the handgun and concealed it on his person by pulling his shirt over the handgun after placing it in the waistband of his pants, thereby establishing the essential elements of the crime beyond a reasonable doubt. Therefore, we conclude that the evidence was sufficient to support appellant's conviction for carrying a concealed weapon.

. . . Appellant argues that Detective Gauthney was using binoculars during his observation and was located at a distance from appellant. However, the jury heard testimony from Detective Gauthney regarding his use of binoculars and the approximate distance between him and appellant during the incident. Therefore, the jury was able to consider this in weighing the credibility of his testimony. Appellant also argues that there was no physical evidence directly linking him to the handgun that the police recovered. However, this court has previously held that witness testimony may be sufficient to support a conviction for carrying a concealed weapon. *See State v. Monford*, 190 Ohio App.3d 35, 2010–Ohio–4732, ¶ 108–112 (10th Dist.) (holding that eyewitness testimony was sufficient to support convictions for murder, attempted murder, felonious assault, and carrying a concealed weapon, and that the convictions were not against the manifest weight of the evidence); *State v. Harris*, 10th Dist. No. 02AP–977, 2003–Ohio–2414, ¶ 14–19 (holding that witness testimony was sufficient to support conviction for carrying a concealed weapon and that the conviction was not against the manifest weight of the evidence). . . .

Appellant was also convicted of having a weapon while under disability, a third-degree felony in violation of R.C. 2923.13. To establish this charge, the state was required to prove that appellant knowingly acquired, had, carried, or used a firearm, and had been convicted of a felony offense of violence. R.C. 2923.13(A)(2). As noted above, appellant stipulated at trial that he was previously convicted of felonious assault. Thus, the state needed to establish that appellant knowingly acquired, had, carried, or used a firearm. Detective Gauthney testified that he saw appellant receive the handgun from Mandujano and place it in the waistband of his pants, thus demonstrating possession of a firearm. Further, both

7

> Detective Gauthney and Detective Coleman testified that they saw appellant holding the handgun in his hand while arguing with an unknown individual. This testimony could permit a reasonable trier of fact to conclude that the essential elements of the crime of having a weapon while under disability were proven beyond a reasonable doubt. Therefore, we conclude that the evidence was sufficient to support appellant's conviction for having a weapon while under disability.
>
> . . . [T]he lack of physical evidence linking appellant to the recovered handgun does not, by itself, preclude a conviction for having a weapon while under disability. Courts have upheld convictions for having a weapon while under disability in cases where the weapon was not recovered by police. *See, e.g., State v. Bloodworth,* 9th Dist. No. 26346, 2013–Ohio–248, ¶ 16–22 (holding that witness testimony was sufficient to support a conviction for having a weapon while under disability in a case where no weapon was recovered); *State v. White*, 8th Dist. No. 90839, 2008–Ohio–6152, ¶ 8–16 (holding that witness testimony was sufficient to support convictions for having a weapon while under disability and that convictions were not against the manifest weight of the evidence in a case where no weapon was recovered).
> . . . .
>
> For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*State v. Peters*, 2014 WL 1347226, at *2-4.

Petitioner argues that the testimony of the police officers at his trial was contradictory and unworthy of credit. According to Petitioner, when police arrested him, they told him that if he did not provide them with information on local drug dealers, they were going to falsify these charges against him. *Reply,* ECF No. 14, PageID# 367. He complains that the State's entire case rested on the testimony of two eyewitnesses who bolstered each other's testimony.[2] *Id.* at PageID# 369-70.

---

[2] Petitioner argues that the prosecutor also improperly vouched for the truthfulness of the police officers in closing argument. *Reply*, PageID# 370-71. However, Petitioner does not raise this issue as a separate claim for relief, and he did not raise the claim in the Ohio Court of Appeals.

8

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319. To determine whether the evidence was sufficient to support Petitioner's conviction, this Court must view the evidence in the light most favorable to the prosecution. *See Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson*, at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume - even if it does not appear on the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson*, at 326).

Under the AEDPA, a state court's determination regarding a sufficiency of evidence claim is entitled a "double layer" of deference. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Thus, even if *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome. Moreover, the factual findings of the state appellate court are presumed to be correct and a petitioner bears the burden of rebutting the correctness of these findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The record fails to reflect that the state appellate court unreasonably applied or contravened clearly established federal law as determined by the Supreme Court, or based its decision on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. 2254(d)(1), (2). When viewing all of the evidence in the light most favorable to the prosecution, as the Court is required to do, the evidence is constitutionally sufficient to sustain Petitioner's convictions. Prosecution witnesses testified that they observed Petitioner obtain and hide a firearm in his waistband and subsequently gestured with the gun in his hand during a confrontation with another individual. Their testimony constitutes evidence sufficient to sustain Petitioner's convictions, despite the fact that Petitioner's fingerprints were apparently not found on the gun. It is true that Petitioner disputes this testimony, but it is also apparent that the jury credited that testimony. Under these circumstances, the evidence presented at Petitioner's trial was not constitutionally insufficient.

Petitioner's claim lacks merit.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                   *s/ Norah McCann King*
                                                   Norah McCann King
                                                   United States Magistrate Judge
                                                   September 17, 2015